PER CURIAM.
This is an appeal from an April 18, 2000 Tax Court order (Judge Roger M. Kahn) which granted defendant’s motion to dismiss plaintiffs complaints at the end of plaintiffs case, pursuant to R. 4:37-2(b). At issue was the property’s assessed value of $4,055,300, for each of the years 1995 through 1999. The complaints involve tax appeals with respect to each of those tax years for the property, located at 2 Hackensack Avenue, Kearny, New Jersey. The 423,352 square foot square foot building, stipulated to have a highest and best use as a manufacturing warehouse, is approximately 60 years old, sits on eight acres in Kearny and was purchased by the owner-occupant in 1986 for $7,500,000.
There is a presumption of validity as to the original assessment. See Pantasote Co. v. City of Passaic, 100 N.J. 408, 412, 495 A.2d 1308 (1985) (holding that the burden of proof rests on a taxpayer contesting a municipal assessment); Schumar v. Borough of Bemardsville, 347 N.J.Super. 325, 790 A.2d 171 (App.Div.2001) (describing evidence required to overcome this proposition). The Tax Court held that plaintiff had not overcome the presumption. Plaintiff contends that it properly used the “use of sales approach” and that the presumption was overcome, or at least that its proofs required the township to respond. It also *107 contends that it introduced the closest “comparables” and that the assessment cannot be sustained just because there was no nearly identical property. Plaintiff further asserts, among other things, that even if the basement made the property different, this did not result in rendering the other “comparables” irrelevant.
The standard applicable to the evaluation of proofs at the end of the plaintiffs case, is set forth in R. 4:37-2, namely, “[w]hether the action is tried with or without a jury, such motion shall be denied if the evidence, together with the legitimate inferences therefrom, could sustain a judgment in plaintiffs favor.” See Dolson v. Anastasia, 55 N.J. 2, 5-6, 258 A.2d 706 (1969), where the Court wrote that “the judicial function here is quite a mechanical one. The trial court is not concerned with the worth, nature or extent (beyond a scintilla) of the evidence, but only with its existence, viewed most favorably to the party opposing the motion.”
Because of the presumption of correctness which attaches to a municipal assessment, because of the deference to which the Tax Court is entitled, and because the Tax Court correctly ruled that plaintiffs “comparables” were not really comparable, particularly because of the characteristics of the basement of this building, plaintiffs contentions are unpersuasive. We are thus satisfied that the reasons for decision set forth in Judge Roger Kahn’s written opinion dated August 7, 2001 and in his oral decision that was supplemented thereby are substantially correct, and we affirm essentially for those reasons.
Affirmed.